UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DSW INC.,** *et al.*, | ) | CASE NO. 1:11 CV 1797 |
| | ) | |
| **Plaintiffs,** | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Shoe Show, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant's Motion to Stay Proceedings Pending Inter Partes Reexamination (Doc. 19). This is a patent case. For the following reasons, the motion is GRANTED.

**FACTS**

Only those facts necessary for a resolution of the instant motion are set forth herein.

Plaintiffs, DSW, Inc. and DSW Shoe Warehouse, Inc., filed this lawsuit against defendant, Shoe Show, Inc., alleging patent infringement of U.S. Patent Nos. 6,948,622 ('622) and 7,478,732 ('732)(sometimes, collectively, the "patents-in-suit"). Although the parties

1

engaged in some discovery, this case is still in the very early stages of litigation.  The parties have yet to file claims construction materials, no *Markman* ruling has issued, no depositions have been conducted, and no summary judgment motions have been filed.  Defendant filed a request for reexamination with the United States Patent and Trademark Office ("USPTO").  The USPTO granted reexamination for all claims in both of the patents-in-suit.  Defendant points out that with regard to the '622 patent, the Office Action accompanying the USPTO's Order, rejected claims 1-3, rejected claims 4-9 on six independent grounds, and rejected claim nine on five independent grounds.  The USPTO also rejected the claims of the '732 patent on numerous grounds.

Defendant now moves to stay the litigation until the reexamination is complete.  Plaintiff opposes the motion.

**LAW AND ANALYSIS**

**A. Stay**

A district court has the power to stay litigation pending the outcome of patent reexamination proceedings through the inherent power to manage its own docket.  *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  Courts weigh three factors in determining whether to grant such a stay:  "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."  *01 Communique Lab., Inc. v. Citrix Sys.,* No. 06CV0253, 2008 U.S. Dist. LEXIS 19241, at *4 (N.D. Ohio March 12, 2008) (citing *Xerox Corp. v. 3Com Corp.,* 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)).  Courts often also consider whether the party seeking the stay has

done so in good faith or for the purposes of delay.  *Id.*

> **1.     Prejudice**

Defendant argues that a stay would not unduly prejudice plaintiffs and would benefit both sides in that the amount of resources spent on simultaneously litigating the same issues would be lessened.  Defendant points out that plaintiffs waited for nearly a year after accusing defendant of infringement before they filed the complaint.  Plaintiffs did not file a request for preliminary injunction and did not seek to expedite this action.  To the extent plaintiffs may suffer any slight prejudice, the prejudice is outweighed by the benefits of the stay, including a significant narrowing of the issues in this case.  Plaintiffs respond that any delay will be lengthy as the time for conducting reexaminations through appeals is 6.5 years.  According to plaintiffs, witnesses relocate, memories fade, companies go out of business, and documents may be unavailable.  This will cause prejudice to plaintiffs.  Plaintiffs further point out that, generally speaking, at least one claim survives the reexamination process and thus, this case would proceed in any event.

Upon review, the Court finds that plaintiffs have not demonstrated undue prejudice.[1]  Delay due to the reexamination process is not itself a reason to find prejudice against plaintiffs.  *See, Allied Erecting and Dismantling Co., Inc., v. Genesis Equip. and Mfrg., Inc.,* No.

---

[1] Plaintiffs cite to *Landis v. North American Co.*, 299 U.S. 248 (1936) for the proposition that defendant must establish that it would suffer a "clear case of hardship or inequity" by being required to proceed with the litigation.  The Court finds that *Landis* is not on point.  *Landis*, which was decided 75 years ago, addressed staying litigation involving different parties.  Moreover, it was not a patent case, which the Court finds particularly important since the USPTO will decide issues having a direct effect on this case.

3

4:08CV589, 2010 U.S. Dist. LEXIS 92851, at *6-7 (N.D. Ohio Aug. 16, 2010) ("While some prejudice to Plaintiffs is inherent in any delay, this alone is not sufficient to prevent a stay. If it were, few if any patent cases would be stayed pending reexamination by the PTO."). Additionally, although both parties could have acted quicker, the Court finds that neither party has engaged in deliberate delay tactics. Although plaintiffs argue that memories fade and witnesses relocate, these issues result in any delay. Once again, plaintiffs argument would render all stays inappropriate. Rather, the Court finds that plaintiff fails to identify any substantial prejudice which would result from a stay of this case. Plaintiffs also do not identify any clear tactical disadvantage that they will suffer as a result of any delay.

### 2.  Simplification of the issues

Defendant argues that a stay of this action would simplify the issues by eliminating or narrowing the issues for trial. According to defendant, there is a high likelihood that one or more of the asserted claims will be cancelled or narrowed during the reexamination. As a result, those claims cannot be infringed and no further resources would be expended in litigating all issues related to those claims. Defendant points out that in the event claims survive reexamination, the expertise of the USPTO could assist this Court. Even if the USPTO confirms the patentability of all claims, the issues will be narrowed because, according to defendant, an inter partes requester is estopped from asserting the invalidity of any claim finally determined to be valid and patentable. Defendant also argues that parallel review of validity issues may result in inconsistent results.

In response, plaintiffs argue that it is speculative at best as to whether the reexamination will simplify the issues in this case. According to plaintiffs, defendant has not submitted any

prior art demonstrating anticipation and, instead, relies on "weaker" obviousness arguments. Thus, at best it is possible that some claims may be amended or cancelled, but it is also likely that at least one claim will survive reexamination. Thus, this litigation will proceed in any event. Plaintiffs further argue that defendant will not be precluded from introducing additional prior art during this litigation. Plaintiffs also claim that the discovery process in this Court will simplify the issues in this case rendering a stay unnecessary.

Upon review, the Court finds that simplification of the issues weighs in favor of granting a stay. In this case, the USPTO has already granted reexamination for both of the patents-in-suit and indicated a number of bases to reject the claims in the patents. The majority of patents which have been reexamined have either had all claims canceled or changes made to the claims. Thus, it is also likely at least some of the patents' claims will be changed upon reexamination. If claims are canceled or changed, it would simplify the issues pertaining to defendant's arguments on invalidity based on prior art. Even if all the claims are confirmed by the USPTO, the record of reexamination is still likely to be entered at trial, reducing the length and complexity of the litigation. *See Nidec Corp. v. LG Innotek Co., Ltd.,* No. 6:07cv108, 2009 WL 3673433, at *2 (E.D. Tex. April 3, 2009). Granting a stay will also avoid duplication of efforts by the Court should the claim language be changed.

### 3. Stage of the case

Defendant argues that a stay is appropriate because the case is in the early stages and substantial discovery has not occurred. Nor has a trial date been set. Defendant also points out that the motion is timely under the local patent rules. Although defendant identified claim terms it believes require construction, proposed constructions have not occurred and no *Markman*

5

briefs have been filed. In response, plaintiffs argue that this case is not in the early stages of litigation. According to plaintiffs, a fair assessment is that this case is "in the middle" of discovery. Plaintiffs also argue that defendant delayed discovery and did not file its motion to stay until after the deadline for plaintiffs to file validity contentions. Plaintiffs point out that defendant could have filed this motion sooner, as it was aware of its invalidity contentions. Plaintiffs also point out that the issue of validity will be decided in this Court sooner than in the USPTO.

Upon review, the Court finds that this factor weighs heavily in favor of granting a stay. This case is in a very early stage, and discovery has barely begun. Although plaintiffs attempt to blame the lack of discovery on defendant, defendant disputes the characterization and notes that the parties on three separate occasions mutually agreed to extend the deadlines for discovery requests. The fact of the matter is that no depositions have occurred. Nor has expert discovery commenced. Claim construction has yet to occur and no dispositive motions have been filed. No trial date has been set. Accordingly, the Court finds that the third factor also weighs in favor of a stay.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Stay Proceedings Pending Inter Partes Reexamination (Doc. 19) is GRANTED. This case will be closed, but reopened upon immediate notification of either party after the conclusion of the reexamination process.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Dated: 7/20/12       United States District Judge